Argued February 15, affirmed March 7, 1956

## PEASE *v.* ROSEBURG LUMBER CO.

294 P. 2d 346

*Duane Vergeer,* Portland, argued the cause for appellant. With him on the briefs were Vergeer &

Samuels, Portland, and Charles S. Crookham, Portland.

*Paul E. Geddes,* Roseburg, argued the cause for respondent. On the brief were Geddes, Felker, Walton and Richmond, Roseburg.

Before Tooze, Acting Chief Justice, and Lusk, Brand and Perry, Justices.

## PERRY, J.

The plaintiff brought this action against the defendant to recover damages for personal injuries he received as an employee in defendant's sawmill. The issues were presented to a jury who returned a verdict for the defendant, and the plaintiff appeals.

The record discloses that the defendant had rejected the state workmen's compensation act, and that at the time of the plaintiff's employment he signed an agreement with the defendant as follows:

"THIS AGREEMENT, made and entered into by and between

"ROSEBURG LUMBER COMPANY
hereinafter referred to as 'Employer' and the undersigned employee, hereinafter referred to as 'Employee',

"WITNESSETH:

"WHEREAS, it is desired by the Employer and Employee to enter into a cooperative arrangement for insurance for the protection of the Employee and his dependents in case of certain accidental injuries or death, irrespective of whether the Employer is liable therefore, and for the financial assistance of the Employer in the event the Employee fails to accept the benefits accruing from said insurance as hereinafter provided; and

"WHEREAS, it is intended that the Employee shall contribute a portion of the cost of such insurance by reason of the fact that the insurance provides benefits in addition to compensation on account of accidental injuries or death for which the Employer is liable, and that the Employer shall contribute the remaining portion of said cost:

"NOW, THEREFORE, IT IS MUTUALLY AGREED as follows:

"That an accident insurance policy in the principal sum of $5000 and monthly indemnity of $145/00 shall be applied for by the employee (or in case such policy is already in force shall be continued in force), and assigned to the employer so that all benefits other than death benefits shall be payable by the insurance company to the employer and all death benefits shall be payable to the Portland Trust & Savings Bank of Portland (Oregon), as trustee.

"It is further agreed that the cost of said insurance shall be paid as follows:

1.00 per month by the employee and Bal by the employer. The employee agrees that this portion of said payments may be deducted by the employer from any wages due the employee.

"It is further agreed that in case of an accidental injury to the employee, the employee shall elect whether he will accept the insurance benefits on account of such accidental injury or whether he will seek to recover damages therefor from the employer.

"It is further agreed that in case of death of the employee, those entitled to receive compensation therefor shall elect whether they will accept, in full settlement therefor the payment by the trustee of the insurance benefits on account of such death received by the trustee, less costs and expenses, in the manner provided for in a certain trust instrument entered into by and between the employer and the Portland Trust & Savings Bank of Portland

(Oregon), under their Trust Number P-3504 or whether they will seek to recover damages therefor from the employer.

"It is further agreed that an acceptance of any amount on account of such insurance benefits shall constitute an election and agreement to accept the insured benefits in full payment, satisfaction, and discharge of any liability of the Employer on account of such injury or death and shall operate as a waiver of any and all claims for damages against the Employer on account of such injury or death; and provided further that the commencement of an action against the Employer for damages on account of such injury or death shall constitute an election not to accept the insurance benefits, and whether the action shall succeed or fail, shall operate as a waiver of any and all claims of such insurance benefits, and such benefits shall thereupon become the exclusive property of the Employer.

"It is further agreed that the employer shall release to the employee all such insurance benefits in all cases when the employee shall have elected to accept the same and that the trustee will pay over in accordance with the terms of said trust instrument all insurance benefits (less costs and expenses as provided in the trust instrument), received by the trustee in all cases where all persons who under the law might have a claim against the Employer for damages on account of such death, shall have released and discharged the same in writing in duplicate, and

"It is further agreed that neither the employer nor the trustees shall be required to pay over any of the benefits from said insurance unless and until all the persons who under the law might have a claim against the Employer for damages on account of such injury or death shall have released and discharged the same in writing in duplicate.

"It is further agreed that the insurance plan provided for herein, subject only to obligations in-

curred and then existing, shall terminate upon the termination of the employment and may be terminated at any time by the Employer upon notice to the Employee; and in case of the termination of the plan any insurance policy covering such Employee shall be cancelled and the employee shall be entitled to receive any cash surrender value thereof received by the Employer.''

On May 16, 1951, the plaintiff signed an application for an accident policy, and assignment thereof, the material parts being as follows:

"I hereby apply to the Northern Life Insurance Company of Seattle, Washington, for Accident Policy Form 41W in the amount of Principal Sum 5000, Monthly Indemnity 145/00, and authorize the deduction of $——— per month from my wages as contribution towards the cost of this Insurance and request that if my employment is terminated that the Company immediately cancel such policy and remit any unearned premium to the employer and I understand and agree that the Company's liability under this policy ceases on termination of my employment as stated herein.

\* \* \* \* \*

"For value received, I hereby assign, set over and transfer unto Roseburg Lumber Company— Dillard Branch Dillard, Ore., and to its successors or assigns all of my right, title, interest, claim or demand in and to the monthly indemnity and loss of member's benefits of the Accident Policy this date applied for if and when issued to me by the Northern Life Insurance Company, of Seattle, Washington, including all moneys and benefits due and to grow due and payable thereunder, excepting and reserving to the beneficiary thereunder, any payment for loss of life as provided in the policy: giving and granting unto the said Roseburg Lumber Company—Dillard Branch Dillard, Ore. full power of attorney, right and authority in its own name,

and in my place and stead, to accept the proceeds from the settlement of all claims hereby assigned under said policy just as effectively to all intents and purposes as I might or could do myself if this assignment had not been made.

I hereby waive my right to make further change of Beneficiary under said policy."

On October 24, 1951, plaintiff was injured, and subsequent to his injury he signed a document entitled "Election To Receive Insurance Benefits" reading as follows:

"Since my employer and myself as one of his employees have been operating under a cooperative accident insurance plan whereby an accident insurance policy has been carried covering my accident injuries with the benefits assigned to my employer under an agreement that after an accidental injury I should have the right to elect to either accept a reassignment to me, by my employer, of the insurance benefits in full settlement of any claim for damages I might have against my employer or to attempt to hold the employer liable in damages for the injury, in which case the insurance benefits were to go to the employer;

"Now since I suffered an accidental injury on or about the 24 day of Oct, 1951, I hereby elect to accept a reassignment to me, by my employer, of the insurance benefits provided for in the accident insurance policy in full settlement of any claim for damages I might have against the employer on account of that injury and I hereby direct the accident insurance company to make all accident benefit payments on account of that injury direct to me.

\* \* \* \* \*

"Inasmuch as Willard Pease, who suffered an accidental injury on or about the 24 day of Oct , 1951, has elected to accept a reassignment to him of the accident insurance benefits in full settlement of any claim for damages he might make against us

on account of that injury, you are hereby directed to make all payments of insurance benefits under your policy on account of that injury direct to him and we hereby release as to that injury the assignment of accident benefits heretofore made by him and reassign such benefits back to him.''

The plaintiff thereafter received numerous benefit payments in accordance with the terms of the policy, which, although issued on May 24, 1951, was effective from May 14, 1951.

The uncontradicted evidence discloses that there was deducted from the plaintiff's wages $1 per month to be applied to the total insurance premium charged, the balance of the premium being paid by the defendant. The $1 charged provided coverage for such accidental injuries as might occur to the plaintiff when not acting in his employment. The injury complained of by the plaintiff was suffered during the course of his employment.

The defendant, as one of its defenses, pleaded the issuance of the insurance policy, its assignment, and the election of the plaintiff to avail himself of his rights under the policy in accordance with the contract of employment, as a bar to plaintiff's right to proceed against the defendant.

The trial court instructed the jury that if they found plaintiff had freely and voluntarily elected to accept the benefits of the insurance policy he could not recover in this action against the defendant. Plaintiff alleges this is error, because he claims he is entitled not only to the insurance coverage, but also to a recovery in this action for the negligence of the defendant. He bases his right to the insurance coverage as his own, because of claimed irregularities in obtaining the policy of insurance, and because he was

fraudulently induced to assign the policy to the defendant.

It should be noted that the insurance company is not a party to this action, and did accept liability under the terms of its policy.

The fraud, according to the plaintiff, consisted in an agent of the defendant telling the plaintiff that the defendant had rejected the Workmen's Compensation Act, but that the defendant carried an accident insurance policy "which is as good as the state, or better, for their insurance, for any accident or death," whereas, the plaintiff states, the accident insurance carried is not, in fact, equally as good, so far as benefits to an injured workman are concerned.

The plaintiff has never contended that he carried the policy of insurance for his own protection while at work, and he seems to entirely ignore the fact that the arrangement set forth in the contract of employment is not for the benefit of the plaintiff alone, but is also for the benefit of the defendant, who was paying for this protection to itself.

The defendant, having rejected the Workmen's Compensation Act, was a self-insurer, and the plaintiff could accept or reject employment under those circumstances. After plaintiff's application for and assignment of the benefits of the insurance policy, he was in exactly the same position he would have been had he not applied for or assigned the policy, insofar as his right to proceed against the defendant for its negligence is concerned. The procuring of the insurance only added an additional right; the plaintiff, if he so desired, might request a reassignment of the policy and accept the benefits provided therein in lieu of a contingent recovery against the employer. Therefore, if any fraud was practiced upon the plaintiff, or there

were any irregularities in obtaining the insurance and his assignment of the benefits to arise from accidental injury to the defendant, the fraud in nowise affected the rights of the plaintiff, and as to him was immaterial.

The plaintiff does not contend that the defendant by fraud procured his election to accept the benefits of the insurance policy in lieu of his right of action against the defendant under the Employer's Liability Act. It, therefore, follows, that the plaintiff, having freely and voluntarily elected to accept the payments under the policy of insurance, cannot obtain a second recovery for the same injury.

The plaintiff also charges error by the trial court in its failure to properly instruct the jury as to defendant's negligence, but, since the defendant's motion for a directed verdict should have been sustained by reason of plaintiff's election of rights, the instructions upon negligence were immaterial and need not be passed upon by this court.

The judgment of the trial court is affirmed.